In the Matter of Disciplinary Proceedings Against
Clay F. Teasdale, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Clay F. Teasdale, Respondent.

Supreme Court

*No. 04–0322–D. Decided February 16, 2005.*

2005 WI 12

(Also reported in 692 N.W.2d 244.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Clay F. Teasdale be publicly reprimanded for having committed two counts of professional misconduct in connection with his representation of J.S. in a personal injury matter. In addition, the referee recommended that Attorney Teasdale be required to pay restitution to the client, as well as the costs of this disciplinary proceeding.

¶ 2. We determine that the seriousness of Attorney Teasdale's professional misconduct warrants a public reprimand. We also determine that Attorney Teasdale should be required to make restitution to his client, and we require Attorney Teasdale to pay the costs of this proceeding.

¶ 3. Attorney Teasdale was admitted to practice in Wisconsin in 1983. He has been temporarily suspended from the practice of law in Wisconsin since January 23, 2004, for failure to respond to or otherwise cooperate with a disciplinary investigation unrelated to

the instant matter. Attorney Teasdale has not sought reinstatement. He has one previous public reprimand.[1]

¶ 4. Paragraph deleted.

¶ 5. Paragraph deleted.

¶ 6. On February 2, 2004, the OLR filed a complaint against Attorney Teasdale. The matter was submitted to a referee. Teasdale answered and appeared *pro se* but did not participate after the issuance of a scheduling order on March 15, 2004. The record reflected that he has not "participate[d] in a meaningful way in this case before the Referee."

¶ 7. The complaint filed by the OLR alleged two counts of misconduct committed in connection with Teasdale's representation of J.S. in a personal injury matter. The complaint alleged that Attorney Teasdale filed a complaint on J.S.'s behalf in June 1997. On June 9, 1998, defense counsel served Teasdale with a deposition notice for J.S.; the deposition was to be conducted on June 16, 1998. On June 9, 1998, defense counsel attempted to contact Attorney Teasdale by telephone, but received a message that Attorney Teasdale's telephone was "temporarily disconnected." Defense counsel heard nothing from Teasdale. Teasdale did not inform his client of the scheduled deposition and neither Teasdale nor his client appeared at the deposition. Defense

---

[1] In 1995, Attorney Teasdale consented to the (former) Board of Attorneys Professional Responsibility (BAPR)'s imposition of a public reprimand for failing to file a timely notice of appeal, failing to comply with a client's reasonable requests for information regarding the appeal, failing to inform his client of a magistrate's recommendation for a denial of disability benefits and of the court's dismissal, and for failing to cooperate with BAPR's investigation.

counsel later learned that Teasdale had relocated his practice from Marinette, Wisconsin to Menominee, Michigan.

¶ 8. Opposing counsel then filed and served Attorney Teasdale with a motion for costs based on the failure to produce J.S. for the deposition. Teasdale failed to inform his client of the motion, but appeared at the hearing. The court issued an order directing Teasdale to pay $426.35 in costs in connection with the matter. Attorney Teasdale did not inform his client of this order.

¶ 9. Subsequently, the personal injury matter settled, and appropriate checks were sent to Attorney Teasdale, along with a draft stipulation and order for dismissal. However, Teasdale rejected the draft and proposed a release that dismissed the action "on the merits with prejudice and without further costs . . ." Opposing counsel rejected this proposal because Attorney Teasdale had not yet paid the $426 costs previously ordered by the court. Opposing counsel forwarded the judgment for costs to the court. Teasdale filed an objection to the judgment for costs, asserting that the matter had been dismissed without costs, which was not accurate because opposing counsel had not signed the draft release proposed by Teasdale.

¶ 10. On February 26, 1999, the court executed the judgment for costs and advised Teasdale, in writing, that the earlier order "clearly states that the plaintiff shall pay to the defendant the sum of $426.35." Attorney Teasdale did not notify his client of this judgment for costs. Indeed, J.S. did not learn of the judgment until he applied for a bank loan, and ultimately paid the judgment himself in order to clear his credit status. The record does not reflect that Attorney Teasdale ever reimbursed J.S. for these costs.

¶ 11. The OLR alleged and the referee found that by failing to respond to the deposition notice, Attorney Teasdale failed to make a reasonably diligent effort to comply with a legally proper discovery request in violation of SCR 20:3.4(d).[2] The OLR also alleged and the referee found further that by failing to notify his client of the deposition, Attorney Teasdale failed to keep a client reasonably informed about the status of a matter in violation of SCR 20:1.4(a).[3]

¶ 12. The referee recommended that the court publicly reprimand Attorney Teasdale. In making that recommendation, the referee observed that a public reprimand was consistent with established legal precedent. In addition, the referee recommended that Attorney Teasdale be required to pay restitution to his client, as well as the costs of this proceeding.

¶ 13. We adopt the referee's findings of fact and conclusions of law and determine that a public reprimand is the appropriate discipline to impose on Attorney Teasdale for the professional misconduct established in this proceeding. We also adopt the recommendation that Attorney Teasdale be required to pay the costs of the OLR prosecution, as well as restitution to his client, J.S.

---

[2] SCR 20:3.4(d) provides that "[a] lawyer shall not in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."

[3] SCR 20:1.4(a) provides that a "lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

¶ 14. IT IS ORDERED that Clay F. Teasdale is publicly reprimanded as discipline for professional misconduct.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Clay F. Teasdale make restitution to his former client in the amount of $426.35, plus post-judgment interest, provided that if the restitution is not made within the time specified and absent a showing to this court of his inability to make the restitution within that time, the license of Clay F. Teasdale to practice law in Wisconsin shall be suspended until further order of the court.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order, Clay F. Teasdale pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Clay F. Teasdale to practice law in Wisconsin shall be suspended until further order of the court.