IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Clay F. TEASDALE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Clay F. TEASDALE, Respondent.

Supreme Court

*No. 2005AP203–D. Decided September 13, 2005.*

2005 WI 137

(Also reported in 703 N.W.2d 372.)

1

¶ 1. PER CURIUM. We review a referee's recommendation that the license of Clay F. Teasdale to practice law in Wisconsin should be revoked as discipline for his professional misconduct. We agree that the egregious nature of Attorney Teasdale's professional misconduct warrants revocation. This is the third time the court has had occasion to discipline Attorney Teasdale for professional misconduct and the extensive misconduct considered in this proceeding establishes his unfitness to be licensed to represent others in the Wisconsin legal system. In addition, restitution to certain former clients is appropriate as set forth herein, and we further order Attorney Teasdale to pay the costs of this proceeding.

¶ 2. Attorney Teasdale was admitted to practice law in Wisconsin in 1983. He has been under temporary suspension since January 23, 2004, for willful failure to cooperate with an Office of Lawyer Regulation (OLR)

grievance investigation concerning his conduct. He has received two public reprimands. In 1995, Attorney Teasdale consented to the (former) Board of Attorneys Professional Responsibility (BAPR)'s imposition of a public reprimand for failing to file a timely notice of appeal, failing to comply with a client's reasonable requests for information regarding the appeal, failing to inform his client of a magistrate's recommendation for a denial of disability benefits and of the court's dismissal, and for failing to cooperate with BAPR's investigation.

¶ 3. In February 2005, Attorney Teasdale was publicly reprimanded for failing to respond to a deposition notice in violation of SCR 20:3.4(d), and for failing to notify his client of the deposition, in violation of SCR 20:1.4(a). He was ordered to pay restitution to the client. *See In re Disciplinary Proceedings Against Teasdale,* 2005 WI 12, 278 Wis. 2d 76, 692 N.W.2d 244.

¶ 4. The complaint filed by the OLR in the matter now before the court consisted of some 293 separately numbered paragraphs describing 75 counts of misconduct involving 21 separate client matters, as well as one count stemming from an inquiry made by a circuit court judge regarding Teasdale's conduct. Teasdale repeatedly failed to participate in the disciplinary proceeding, despite efforts to engage him in the process. Eventually, the OLR moved for a default judgment. That motion was granted on March 17, 2005. Teasdale did not appeal from the ensuing report and recommendation filed by the referee, Timothy Vocke.

¶ 5. Because this matter comes before us in the context of a default judgment, the extensive allegations against Attorney Teasdale will be only briefly summarized here. It is noteworthy that all 75 of the allegations of misconduct involved matters in which Attorney Teas-

3

dale: (1) continued to practice law despite being under suspension; (2) failed to inform his clients of this fact; and then (3) subsequently refused to cooperate when the OLR attempted to investigate the matter.

■

¶ 6.   Other allegations made with respect to specific clients demonstrate that Attorney Teasdale failed to do any work on a matter, repeatedly failed to prepare written contingency fee agreements, repeatedly failed to keep clients informed as to the status of their cases, repeatedly failed to return client files or property or keep such property in trust, and repeatedly failed to act with reasonable diligence and promptness in matters. Consequently, the referee concluded, and we agree, that Attorney Teasdale violated numerous disciplinary rules.

¶ 7.   More specifically, the referee concluded, and we agree, that Attorney Teasdale failed to act with reasonable diligence and promptness in representing a client in violation of SCR 20:1.3 in the following three matters: J.W. (Count 1), J.C. (Count 29), and A.C. (Count 49).

¶ 8.   The referee also concluded, and we agree, that Attorney Teasdale failed to keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information in violation of SCR 20:1.4(a) in the following matters: J.W. (Count 2), D.B. (Count 24), J.C. (Count 30), M.S. (Count 32), R.K. (Count 36), D.J. (Count 38), H.B. (Count 41), A.C. (Count 50), C.B. (Count 55), M.L.T. (Count 59), and V.W. (Count 67).

¶ 9.   The referee concluded, and we agree, that Attorney Teasdale failed to prepare a written contingency fee agreement in violation of SCR 20:1.5(c) in

each of the following matters: C.L. (Count 17), D.B. (Count 23), J.C. (Count 28), R.K. (Count 35), and A.C. (Count 48).

¶ 10. In addition, the referee concluded, and we agree, that Attorney Teasdale failed to hold in trust, separate from his own property, his client's property that was in his possession in connection with a representation in violation of SCR 20:1.15(a) in the following matters: E.C. (Count 5), A.C. (Count 51), and M.L.T. (Count 60).

¶ 11. The referee concluded, and we agree, that Attorney Teasdale failed, upon termination of representation, to surrender property and papers to which his client was entitled contrary to SCR 20:1.16(d) in the following matters: J.W. (Count 3), E.C. (Count 6), D.B. (Count 25), H.B. (Count 42), R.L. (Count 45), A.C. (Count 52), C.B. (Count 56), M.L.T. (Count 61), N.W. (Count 64), and V.W. (Count 68).

¶ 12. The referee also concluded, and we agree, that Teasdale failed to cooperate with the OLR's investigation contrary to SCR 21.15(4)[1] and SCR 22.03(6)[2] in

---

[1] SCR 21.15(4) provides: Duties of attorneys.

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[2] SCR 22.03(6) provides: Investigation. "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

5

violation of SCR 20:8.4(f)[3] in the following matters: J.W. (Count 4), Judge Miron (Count 10), D.M. (Count 12), B.D. (Count 14), N.K. (Count 16), C.L. (Count 19), C.S. (Count 22), D.B. (Count 27), J.C. (Count 31), M.S. (Count 34), R.K. (Count 37), D.J. (Count 40), H.B. (Count 44), R.L. (Count 47), A.C. (Count 54), C.B. (Count 58), M.L.T. (Count 63), N.W. (Count 66), V.W. (Count 70), K.R. (Count 73), and C.J. (Count 75).

¶ 13.  The referee concluded, and we agree, that Attorney Teasdale failed to comply with the requirements of a suspended attorney as outlined in SCR 22.26(1)(a)—(c)[4] violating a supreme court rule regulating the conduct of lawyers, contrary to SCR 20:8.4(f) in

---

[3] SCR 20:8.4(f) provides: Misconduct. "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[4] SCR 22.26(1) provides in pertinent part:  Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do . . . the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court of administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

the following matters: E.C. (Count 7), Judge Miron inquiry (Count 8), B.D. (Count 13), N.K. (Count 15), C.L. (Count 18), C.S. (Count 21), D.B. (Count 26), M.S. (Count 33), D.J. (Count 39), H.B. (Count 43), R.L. (Count 46), A.C. (Count 53), C.B. (Count 57), M.L.T. (Count 62), N.W. (Count 65), V.W. (Count 69), and K.R. (Count 72).

¶ 14. The referee also concluded, and we agree, that Teasdale failed to comply with the requirements of a suspended or revoked attorney as outlined in SCR 22.26(2),[5] thus violating SCR 20.8.4(f) in the matter of Judge Miron (Count 9), D.M. (Count 11), C.S. (Count 20), K.R. (Count 71), and C.J. (Count 74).

¶ 15. Therefore, we adopt the referee's findings of fact, as they have not been shown to be clearly erroneous, and we adopt the conclusions of law based on those findings. We note that the referee commented on several aggravating circumstances here, including Attorney Teasdale's prior discipline, the sheer number of disciplinary violations, and the fact that he left many clients "abandoned." It is clear that revocation is warranted here and, as the referee noted, "Teasdale apparently does not care what happens to his license to practice law." We agree with the referee that Attorney Teasdale, by his extensive misconduct in this proceeding, has established that he is unfit to be licensed to practice law.

---

[5] SCR 22.26(2) provides: Activities following suspension or revocation:

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

7

¶ 16. The referee also recommended that we require Attorney Teasdale to pay restitution. This court issued an order to show cause regarding the appropriate restitution for certain clients. Attorney Teasdale did not respond to the court's order. Based on the record evidence before us and the response received from the OLR, we direct Attorney Teasdale to pay restitution to client J.W. in the amount of $300, to client A.C. in the amount of $100, and to client K.R. in the amount of $200.

■

¶ 17. In addition, the Wisconsin Lawyers' Fund for Client Security (WLF), f/k/a the "Client Security Fund" approved reimbursement of unearned fees owed to three of Teasdale's clients. *See* Complaint at ¶ 28 (noting CSF approved reimbursement of $950 for E.C.); ¶ 243 (approving reimbursement of $925 for M.L.T.); ¶ 291 (approving reimbursement of $500 for C.J.). We therefore direct Attorney Teasdale to compensate the WLF in the amount of $2,375.[6] Finally, we adopt the referee's recommendation that Attorney Teasdale be required to pay the costs of this proceeding, which total $1,446.51 as of the Statement of Costs filed in April 2005.

¶ 18. IT IS ORDERED that the license of Clay F. Teasdale to practice law in Wisconsin is revoked, effective the date of this order.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Teasdale shall pay full restitution to J.W., A.C., and K.R., and shall

---

[6] As we held in *In re Disciplinary Proceedings Against Gilbert*, 2002 WI 102, ¶ 11, 255 Wis. 2d 311, 647 N.W.2d 845, in such circumstances the clients should be reimbursed first.

reimburse the Wisconsin Lawyers' Fund for Client Security, as set forth herein.

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Teasdale shall pay to the Office of Lawyer Regulation the costs of this disciplinary proceeding.

¶ 21. IT IS FURTHER ORDERED that Attorney Teasdale comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.