IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jimmie G. DAVISON, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
n/k/a Office of Lawyer Regulation,
Complainant-Respondent-Cross-Appellant,

v.

Jimmie G. DAVISON,
Respondent-Appellant-Cross-Respondent.

Supreme Court

*No. 1992AP2445–D. Submitted on briefs October 21, 2009.
—Decided January 7, 2010.*

2010 WI 1

(Also reported in 777 N.W.2d 82.)

For the respondent-appellant-cross-respondent there were briefs by *Jimmie G. Davison.*

For the complainant-respondent-cross-appellant there were briefs by *William J. Weigel* and the *Office of Lawyer Regulation,* Madison.

¶ 1. PER CURIAM. Jimmie G. Davison has appealed a referee's report recommending the denial of Attorney Davison's petition for reinstatement of his

license to practice law in Wisconsin. We agree with the referee that Attorney Davison has failed to demonstrate by clear, satisfactory, and convincing evidence that his conduct since the revocation has been exemplary and above reproach. The Office of Lawyer Regulation (OLR) has filed a cross-appeal, asserting that the referee's stated reasons for recommending against Attorney Davison's reinstatement are not broad enough. We agree with the OLR and also conclude that Attorney Davison has failed to demonstrate by clear, satisfactory, and convincing evidence that he has the moral character to practice law in Wisconsin and has also failed to prove that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest. Consequently, we deny Attorney Davison's petition for reinstatement and direct him to pay the costs of the reinstatement proceeding, which are $8,944.03 as of October 27, 2009.

¶ 2.  Attorney Davison was admitted to practice law in Wisconsin in 1976 and practiced in Milwaukee. In 1989 he was privately reprimanded for making a misrepresentation to a client.

¶ 3.  In May of 1992 Attorney Davison was adjudged guilty of first-degree sexual assault of a child, a class B felony. Attorney Davison, who was 55 years old, had sexual intercourse with his 11–year-old stepdaughter. Attorney Davison's then-attorney wrote to the Board of Attorneys Professional Responsibility (BAPR), predecessor to the OLR, saying that the issuance of the criminal complaint was negotiated and the number of counts was limited in response to Attorney Davison's assurance that he would plead guilty to a single charge. Attorney Davison pled no contest to the charge, was sentenced to 12 years in prison, and was ordered to pay restitution for the victim.

¶ 4.   BAPR sought and obtained the summary suspension of Attorney Davison's law license. Attorney Davison thereafter submitted a petition for the consensual revocation of his license. A referee appointed by this court recommended revocation. This court revoked Attorney Davison's license in February 1993. *See In re Disciplinary Proceedings Against Davison*, 173 Wis. 2d 658, 495 N.W.2d 314 (1993).

¶ 5.   In 1997 Attorney Davison was an inmate at the Kenosha Correctional Center and was assigned to a work release program at a farm. He arranged for his wife to meet him for lunch at his work site on November 11, 1997. When Mrs. Davison arrived, Attorney Davison got into her car and instructed her to drive to a remote area and park inside an isolated shed-type building. Once there, he pushed his food aside and began making sexual advances, which Mrs. Davison rejected.

¶ 6.   According to the criminal complaint that was subsequently filed, Attorney Davison assaulted his wife such that for a period of time she feared for her life. His wife said Attorney Davison made threats of rape, threatened to kill her if she filed for divorce, and choked and hit her in such a manner that she was scratched, bleeding, and had black and blue marks on her face and throat.

¶ 7.   Attorney Davison subsequently pled guilty to one count of aggravated battery, one count of special circumstances battery (battery by a prisoner), and one count of threats to injure, all as a repeater. Two additional criminal charges were dismissed but read in for sentencing purposes:   kidnapping as a repeater and false imprisonment as a repeater. Attorney Davison was

sentenced to 16 years in prison, consecutive to the prison time he was already serving.[1]

¶ 8.    Attorney Davison filed a petition for reinstatement of his license to practice law in Wisconsin in October 2007. The OLR filed a response opposing Attorney Davison's petition for reinstatement. The OLR pointed out that Attorney Davison had been convicted of criminal behavior prior to his 1992 first-degree sexual assault conviction. The OLR noted Attorney Davison was convicted of burglary in Georgia at age 18, and in 1958, when he was 21 years old, he was charged with raping a 13–year-old girl. The OLR noted Attorney Davison was convicted of sexual assault in 1959 and served three and one-half years of a 30–year sentence. In 1967 Wisconsin Governor Knowles commuted Attorney Davison's sentence to eight years, including parole time already served. In 1972, after losing a Milwaukee common council appointment due to his felony conviction, Attorney Davison applied for and received a full pardon from Governor Lucey. The OLR said it did not believe Attorney Davison had met

---

[1] The Davison criminal case was the subject of a 2003 decision from this court. In *State v. Davison,* 2003 WI 89, 263 Wis. 2d 145, 666 N.W.2d 1, the court, with Chief Justice Abrahamson and Justice Bradley dissenting, reversed a court of appeals decision which, in turn, had reversed the judgment of the Kenosha County circuit court following Attorney Davison's negotiated guilty plea. The court of appeals had concluded that the aggravated battery and battery by a prisoner punishments were multiplicitous, in violation of Attorney Davison's double jeopardy rights under the United States and Wisconsin constitutions. The majority of this court concluded that the convictions for both aggravated battery and battery by a prisoner were in conformity with legislative intent and did not violate Attorney Davison's due process right against multiplicitous punishments.

his burden of showing that his post-revocation conduct has been exemplary and above reproach. The OLR also said it was unconvinced that Attorney Davison had met his burden of showing a proper understanding of and attitude toward the standards that are imposed upon the members of the bar and that he will act in conformity with those standards.

¶ 9. Gary Olstad was appointed referee. A hearing was held on June 9, 2008. OLR's counsel cross-examined Attorney Davison at length regarding the incident with his wife that occurred in November of 1997 which led to the three additional felony convictions. Attorney Davison vigorously denied virtually all of the allegations contained in the criminal complaint, continually saying, "Did not happen." He said he pled guilty to the three felonies because he was depressed, did not want the matter to continue, and because his attorney had worked out a deal.

¶ 10. A number of people submitted letters in support of Attorney Davison's petition for reinstatement. The Board of Bar Examiners recommended Attorney Davison's reinstatement subject to his compliance with current continuing legal education requirements.

¶ 11. The referee issued his report on January 21, 2009, and said that Attorney Davison testified about the efforts he has made, since his incarceration, to identify and come to grips about the deep-seated psychological turmoil that allowed him to rape his 11–year-old stepdaughter. The referee said were it not for the November 1997 incident involving his wife, the referee would not hesitate to recommend reinstating Attorney Davison's license. The referee noted that at the hearing Attorney Davison testified he put his hands on his wife's neck and face to make her look at him when he spoke to

her but said when she complained he was hurting her, he released her. He testified she got out of the car and walked away and he followed, grabbing her arm. The referee noted that while Attorney Davison claimed the case was still under appeal, on cross-examination he revealed the appeal was not based on a claim of innocence, but rather on his continuing assertion that it was inappropriate to charge him with two separate counts of battery arising out of a single incident.

¶ 12.   The referee concluded that Attorney Davison failed to show by clear, satisfactory, and convincing evidence that his conduct since the revocation has been exemplary and above reproach. The referee said:

> Even by the most generous definition, grabbing one's spouse by the neck in the heat of an argument cannot be viewed as conduct that is exemplary and above reproach. By his own testimony Mr. Davison has been unable to show compliance with SCR 22.29(4)(e) which is a condition precedent to a recommendation that his license be reinstated.

¶ 13.   The referee recommended that Attorney Davison not be assessed the costs of the proceeding "based solely on compassion." The referee noted that in his testimony Attorney Davison stated he is 72 years old, blind, and has few resources. The referee said if the recommendation to deny reinstatement of his license were adopted, "the added burden of paying for the proceedings, under the circumstances, would seem unjust."

¶ 14.   Attorney Davison has appealed, arguing that he has in fact demonstrated by clear, satisfactory, and convincing evidence that he has the moral character to resume the practice of law in Wisconsin. He continues to assert that he was "overcharged in a

strictly legal sense" following the 1997 incident with his wife. However, he also says he does not minimize his behavior since he recognizes the incident was frightening and painful to his wife.

¶ 15.  The OLR argues that the referee appropriately concluded that Attorney Davison has failed to show by clear, satisfactory, and convincing evidence that his conduct since the revocation has been exemplary and above reproach. In its cross-appeal, the OLR further argues that Attorney Davison has failed to prove he has the moral character to practice law in Wisconsin and he has also failed to prove that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest. The OLR says:

> [T]his Court can and should look beyond the current, affable Jimmie Davison, who survived a tortuous childhood, deals admirably with his physical disability, and participated in self-revelatory therapy. This Court needs to weigh heavily the nature of Davison's past conduct, his self-serving lack of candor, and his history of betraying the trust placed in him by those who in the past provided him rehabilitative opportunities.

¶ 16.  The OLR argues that Attorney Davison's moral character is shown in his extensive criminal history. It says it is difficult to imagine an act more immoral than a 55–year-old experienced attorney who has defended hundreds of sexual assault cases forcing himself on the 11–year-old stepdaughter he has raised. OLR says Attorney Davison also has a history of dishonesty. It notes that in his first application for executive clemency, Attorney Davison overtly admitted perjuring himself, saying, "at my trial I lied about many things." It notes as an attorney, Attorney Davison was privately reprimanded in 1989 for making a misrepre-

sentation to a client, but during the reinstatement hearing he disavowed the basis for the reprimand. The OLR says it is at least disconcerting that Attorney Davison now disagrees with owning his past conduct. It says, "He has a story for everything, frequently involving an assertion that older records of his conduct are inaccurate. This tendency, perspective or whatever one calls it is underscored in [Attorney] Davison's denial of most of the unfavorable facts underlying the 1999 felony convictions."

¶ 17. The OLR asserts that Attorney Davison's candor during the reinstatement proceeding was suspect, and although the referee did not make a specific credibility determination one way or the other, there appears to perhaps be "a veil of incredulity" underscoring the referee's discussion of Attorney Davison's disputing the facts of his criminal record, minimizing the incident with his wife, and his explanation about why he pled guilty to the three felonies in 1999. The OLR argues the record reveals a pattern of inconsistencies including admitted perjury at a trial; receiving professional discipline for making a misrepresentation to a client and now disputing the conduct described in the reprimand; failing to list prior criminal convictions; under-describing serious multiple-felony convictions; denying the acts shown in the record of the criminal case; borderline mischaracterizing by omission the nature of his appeal of that case; and presenting a confounding if not entirely incredible explanation for his decision to enter into a negotiated plea bargain.

¶ 18. The OLR argues that Attorney Davison's lack of candor, or his at best questionable candor, supports an assessment that, overall, he failed to prove he has the moral character required for reinstatement. The OLR also asserts that Attorney Davison has failed

75

to prove his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

¶ 19.   This court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Jennings*, 2009 WI 26, ¶ 22, 316 Wis. 2d 6, 762 N.W.2d 648.

¶ 20.   Supreme court rule 22.29(4) provides that a petition for reinstatement must show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent

them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has' fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

██

¶ 21.   Supreme court rule 22.31(1) provides that an attorney seeking reinstatement of his or her license has the burden of demonstrating all of these requirements by clear, satisfactory, and convincing evidence. We adopt the referee's findings and conclusions and agree that Attorney Davison has failed to meet his burden of demonstrating by clear, satisfactory, and convincing evidence that his post-revocation conduct was exemplary or above reproach. In addition, we agree with the OLR that Attorney Davison has also failed to demonstrate by clear, satisfactory, and convincing evidence that he has the moral character to practice law in Wisconsin and he has failed to prove that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

¶ 22. We do not reach this decision lightly. It has been 16 years since Attorney Davison agreed to the voluntary revocation of his license to practice law. In his petition for reinstatement he indicated that if his license were reinstated he intended to advocate for the rights of blind persons and others who are disabled and also intended to appear before legislative bodies concerning issues relating to disabled persons. While these are laudable goals, we are troubled by the fact that throughout his lifetime Attorney Davison has been given multiple opportunities to atone for his past behavior and time after time he has failed to live up to the chances he has been given. We conclude that he has failed to satisfy the burden placed on him by supreme court rule 22.29(4).

¶ 23. Although the referee recommended, "based solely on compassion," that no costs be assessed, we find no extraordinary circumstances in this case that would warrant a deviation from our general policy of imposing all costs of the proceeding on the respondent.

¶ 24. IT IS ORDERED that Jimmie G. Davison's petition for reinstatement of his license to practice law in Wisconsin is denied.

¶ 25. IT IS FURTHER ORDERED that within 60 days of the date of this order, Jimmie G. Davison shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding.