2024 WI 38

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2018AP1832-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against James C. Ritland, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

  **v.**

**James C. Ritland,**

      **Respondent-Appellant.**

**FILED**

**OCT 10, 2024**

Samuel A. Christensen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.   *Reinstatement denied.*

¶1   PER CURIAM.  James C. Ritland has appealed Referee L. Michael Tobin's report recommending that we deny Attorney Ritland's petition for the reinstatement of his license to practice law in Wisconsin.  We agree with the referee that Attorney Ritland's license to practice law should not be reinstated at this time.  In addition, we direct Attorney Ritland to pay the costs of the reinstatement proceeding, which totaled $13,528.91 as of September 30, 2024.

¶2 Attorney Ritland was admitted to practice law in Wisconsin in 1978. In 2021, his license to practice law was suspended for two years for paying money to two women to perform sex acts and being convicted of attempted adultery and disorderly conduct. In re Disciplinary Proceedings Against Ritland, 2021 WI 36, 396 Wis. 2d 509, 957 N.W.2d 540.

¶3 Attorney Ritland filed a petition for the reinstatement of his law license in April 2023. The Office of Lawyer Regulation (OLR) filed a response opposing the petition. A hearing was held before the referee on September 21, 2023. Attorney Ritland presented testimony of four witnesses and also testified on his own behalf. The OLR presented testimony of two witnesses and also called Attorney Ritland for questioning as an adverse witness.

¶4 The referee issued his report and recommendation on November 14, 2023. The referee found that Attorney Ritland had met some of the reinstatement criteria, including demonstrating that he desires to have his license reinstated; complying with Wisconsin continuing legal education requirements; showing his proposed use of his license if reinstated; making timely arrangements to close his law practice; and demonstrating that he has not practiced law during his period of suspension.[1]

---

[1] On July 29, 2024, the Office of Lawyer Regulation filed a Notice of Motion and Motion to Enforce Disciplinary Order and a Memorandum in support of the Motion alleging that it recently learned that Attorney Ritland has engaged in activities while his license was suspended that would constitute the practice of law, contrary to SCR 22.26(2) and this court's order suspending Attorney Ritland's Wisconsin law license. The court will resolve OLR's motion in a separate, contemporaneously issued order.

¶5 The referee found that Attorney Ritland did not meet other aspects of the reinstatement criteria. The referee found that Attorney Ritland failed to demonstrate that he has the necessary moral character to practice law in Wisconsin. The referee noted that the sexual misconduct which resulted in Attorney Ritland's suspension involved the misuse of his status as an attorney in that the sexual encounters occurred at Attorney Ritland's law office, and he used his attorney status through his representation of one victim and his access to visit the other victim while she was in jail. The referee said that at the reinstatement hearing, Attorney Ritland continued to minimize the connection between his status as an attorney and the sexual misconduct that resulted in his suspension, choosing to portray the misconduct as primarily a failure in his personal life.

¶6 This court's order imposing the two-year suspension of Attorney Ritland's law license was issued on April 22, 2021, and took effect on June 3, 2021. The referee noted that on May 6, 2021, Attorney Ritland entered a notice of retainer as attorney for A.P. in a criminal case in Clark County. The referee found that on May 11, 2021, at A.P.'s initial appearance involving several traffic forfeitures and a felony charge, Attorney Ritland twice misrepresented the reason for his need to withdraw from the case, referring to June 3, 2021, as the date of his retirement. At the reinstatement hearing, Attorney Ritland equated his references to retirement as notice of his suspension, claiming, "I said the same thing in different words." The referee said:

3

> Because of Ritland's impending suspension, he could not realistically investigate the charges or engage in pretrial motion practice, let alone take the cases to trial. . . .
>
> By referring twice to his retirement (including the statement that this court was forcing him to retire), . . . Ritland showed a lack of candor to the court regarding his status as an attorney and his reason for requesting a court date before June 3.

¶7 The referee also found that Attorney Ritland's conduct in a bankruptcy case fell short of demonstrating that he has the moral character to practice law. The referee noted that in a meeting of bankruptcy creditors on May 3, 2021, Attorney Ritland failed to disclose that he was suspended from the practice of law effective June 3, 2021, and he then falsely represented to OLR on two occasions that he had notified the bankruptcy court of his impending suspension.

¶8 In addition, the referee found that on August 3, 2021, after Attorney Ritland's suspension had taken effect, the attorney for the U.S. Bankruptcy Court Trustee filed a motion to examine Attorney Ritland's fee in a bankruptcy matter involving his client, A.S. On August 19, 2021, Attorney Ritland loaned A.S. $578 by money order and received a written agreement from her to repay the loan from an expected inheritance. A debtor must disclose any inheritance right received within six months of filing a bankruptcy petition. On August 24, 2021, Attorney Ritland filed an Amended and Restated Disclosure of Compensation of Attorney for Debtor. Prior to that date, Attorney Ritland and his client had signed two financing agreements with a third-party lender. The Amended and Restated Disclosure of Compensation of Attorney for Debtor

4

identified only A.S. and not the third-party lender as the source of Attorney Ritland's compensation.

¶9 On August 4, 2021, Attorney Ritland filed a lengthy response to the Bankruptcy Trustee's motion to examine his fees, and he asked the bankruptcy court to uphold the validity of the amended compensation agreement. The bankruptcy court held an evidentiary hearing regarding Attorney Ritland's fees on December 17, 2021, and found that the Amended and Restated Disclosure of Compensation of Attorney for Debtor was not accurate and that it violated both a federal statute and a court rule requiring disclosure of the sources of attorney compensation and of fee-sharing arrangements. The bankruptcy court ordered that A.S. was relieved of any fee obligation. On February 18, 2022, the bankruptcy court entered an order approving A.S.'s bankruptcy petition and discharging applicable debts. Attorney Ritland maintained at the hearing that he had handled A.S.'s case well in light of her having received debt relief and not having to pay attorney's fees. Attorney Ritland did acknowledge a "slight mistake" in his handling of the matter.

¶10 The referee further found that Attorney Ritland failed to meet his burden of demonstrating that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

¶11 The referee also found that Attorney Ritland failed to comply with the provisions of SCR 22.26(1)(a) requiring him to notify his clients by certified mail, on or before the date of his suspension, of his impending suspension and his resulting

5

inability to provide legal services; he failed to comply with SCR 22.26(1)(b), which required him to advise his clients to seek legal advice elsewhere; and he failed to comply with SCR 22.26(1)(c), which required him to promptly provide written notification of his suspension to applicable courts, administrative agencies, and opposing counsel. The referee said it was undisputed that Attorney Ritland sent a certified letter to only one of his ten clients, and that letter was untimely. The referee said it was unclear whether, and if so, when, Attorney Ritland advised his clients to seek legal advice elsewhere. The referee also said Attorney Ritland provided written notification of his suspension in only one of ten applicable proceedings. In addition, the referee said Attorney Ritland failed to comply with SCR 22.26(1)(f), which required him to maintain records documenting his compliance with SCR 22.26.

¶12 The referee further found that Attorney Ritland failed to show that his conduct after his suspension has been exemplary and above reproach. The referee said of particular concern in that regard were Attorney Ritland's misrepresentations to the Clark County circuit court in the A.P. case, his misrepresentations to OLR, and his failure to comply with the rules of this court regarding notification to clients and courts of his suspension.

¶13 The referee also found that Attorney Ritland failed to show that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and that he will act in conformity with those standards. The referee said, "Ritland's attitude toward the applicable rules includes his

6

belief that he could ignore the specific notice requirements of SCR 22.26 and instead use a 'better' method of letting clients and courts know of his suspension."

¶14 Finally, the referee found that Attorney Ritland failed to demonstrate that he can be safely recommended to the public and the legal community as fit to provide representation and to serve as an officer of the court. In support of this conclusion, the referee again pointed to Attorney Ritland's misstatements to the Clark County circuit court, his misstatements to OLR, and his failure to follow the rules of the bankruptcy court in the A.S. case. The referee said Attorney Ritland's failure to fully disclose the terms of his fee agreement with A.S. resulted in a hearing at which he and his former client had different financial interests in how the court evaluated the agreement. For all of these reasons, the referee recommends that this court deny Attorney Ritland's reinstatement petition. The referee also recommends that Attorney Ritland be required to pay the full costs of this reinstatement proceeding.

¶15 Attorney Ritland has appealed the referee's recommendation. He asserts that, contrary to the referee's findings, he has met his burden of demonstrating by clear, satisfactory, and convincing evidence that he met all of the criteria for reinstatement.

¶16 Attorney Ritland takes issue with the referee's findings of fact regarding the Clark County case in which he represented A.P. Attorney Ritland makes much of the fact that A.P. did not

7

file a grievance with OLR about Attorney Ritland's handling of the case.

¶17 Attorney Ritland also disputes the referee's findings of fact regarding his representation of A.S. in the bankruptcy case. Again, he views it significant that A.S. did not file a grievance against him, and he notes that he obtained a bankruptcy discharge for her.

¶18 Attorney Ritland argues that the referee should not be allowed to "rely on my criminal behavior from 2013 to 2016," i.e. the conduct that resulted in his two-year suspension, because "[t]he focus of this procedure is my conduct after the beginning of my suspension, which started in 2021."

¶19 Attorney Ritland asks the court to consider the four character witnesses who testified on his behalf at the evidentiary hearing and notes that they testified about his service to his clients and the greater Black River Falls community.

¶20 The OLR argues that the referee correctly concluded that Attorney Ritland failed to establish that he has the moral character to practice law in Wisconsin; that his resumption of the practice of law will not be detrimental to the administration of justice; and that he has fully complied with the terms of this court's order imposing the two-year suspension.

¶21 The OLR notes that a referee's findings of fact will be adopted unless they are clearly erroneous. In re Disciplinary Proceedings Against Lister, 2010 WI 108, 329 Wis. 2d 289, 787 N.W.2d 820. It also notes that where testimony is conflicting, the referee is the ultimate arbiter of credibility. In re

<u>Disciplinary Proceedings Against Pump</u>, 120 Wis. 2d 422, 426-27, 355 N.W.2d 248 (1984). The OLR says although Attorney Ritland makes a number of comments about the referee's findings of fact, he offers little insight as to their significance and fails to explain whether his comments are based on factual disputes or legal arguments. The OLR says Attorney Ritland makes no attempt to show how any of the factual findings he cites to were clearly erroneous or that any inferences by the referee based on the evidence were unreasonable.

¶22 The OLR asserts that the referee correctly concluded that Attorney Ritland failed to prove he has the moral character to practice law in Wisconsin. While Attorney Ritland argues that the referee should not be allowed to rely on his criminal behavior in evaluating whether Attorney Ritland has met the criteria for reinstatement, OLR says the referee did not rely on the criminal behavior; he relied on Attorney Ritland's own statements minimizing that behavior. The OLR says:

> Ritland's continued failure to recognize the connection between his sexual misconduct and his status as an attorney reflects his general inability to recognize right from wrong and good from bad as it relates to the victims of his misconduct. His view that the victims of his exploitive sexual misconduct were somehow pleasured by his conduct or enjoyed it signals either distorted thinking or a general lack of empathy, either of which would prevent him from appreciating the full degree of harm he caused by his actions. This shows a stunning lack of moral character.

¶23 The OLR says the referee's concern about Attorney Ritland's lack of candor with the Clark County Circuit Court is well founded. The OLR says the referee appropriately expressed

9

concern about the potential conflict in Attorney Ritland's interest in getting the case resolved prior to June 3, 2021, when his license suspension would take effect, and A.P.'s interest in receiving a just result from the full scope of his lawyer's representation.  The OLR notes that as the factfinder, the referee was authorized to draw any reasonable inferences from the evidence, and the referee appropriately inferred that the timing of Attorney Ritland's appearance created a potential conflict with A.P.'s interests, which was supported by A.P.'s statement during a hearing that he wanted a new lawyer.

¶24  The OLR argues that the referee properly determined that Attorney Ritland's dishonesty to the bankruptcy court in the A.S. case, as well as his dishonesty to OLR, showed a lack of moral character.  In addition, OLR says Attorney Ritland's multiple false statements to different tribunals show his propensity toward untruthfulness when it serves his interests.

¶25 As to the referee's conclusion that Attorney Ritland failed to comply with the provisions in SCR 22.26 regarding notification of his suspension, OLR says each of the notification provisions requires a form of written documentation, and there is no allowance for verbal notification.  The OLR says Attorney Ritland did not even come close to correctly following the requirements of SCR 22.26 with respect to notifying clients and courts of his suspension.

¶26  The OLR urges this court to adopt the referee's findings of fact and conclusions of law and follow the referee's

recommendation to deny Attorney Ritland's petition for reinstatement of his law license.

¶27 Attorney Ritland's reply brief reiterates that he believes he has met his burden of demonstrating that he has met all of the criteria for the reinstatement of his law license. He says he practiced law for more than 42 years and during that time he handled thousands of cases. He says not one client ever filed a grievance with the OLR. He complains that the referee did not refer to those thousands of satisfied clients; he only referred to two cases where Attorney Ritland made mistakes. Attorney Ritland says he enjoys helping people, and as a small town lawyer, he is qualified to provide high quality legal services at a reasonable price.

¶28 As the OLR notes, this court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Davison, 2010 WI 1, ¶19, 322 Wis. 2d 67, 777 N.W.2d 82.

¶29 Supreme Court Rule 22.31(1) provides that an attorney seeking reinstatement of his or her license has the burden of demonstrating all of the requirements set forth in SCR 22.29(4) by clear, satisfactory, and convincing evidence. Upon careful review of this matter, we adopt the referee's findings of fact and conclusions of law and agree that Attorney Ritland has failed to meet his burden of demonstrating that he fully complied with all of the terms of the order of suspension. We also agree with the referee that, at the present time, Attorney Ritland cannot safely

11

be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the court.

¶30 As the referee noted, SCR 22.26(1)(a) plainly provides the means by which an attorney whose license is suspended shall notify all clients being represented in pending matters and of the attorney's consequent inability to act as an attorney following the effective date of the suspension. In addition, SCR 22.26(1)(b) requires an attorney to advise his or her clients to seek legal advice elsewhere, and 22.26(1)(c) requires an attorney to promptly provide written notification of his or her suspension to applicable courts, administrative agencies, and opposing counsel. By his own admission, Attorney Ritland failed to comply with these rules.

¶31 We also share the referee's concern that Attorney Ritland has failed to demonstrate that he possesses the moral character to practice law. His false representations to various tribunals and OLR amply support this conclusion, as does his continued minimization of the misconduct that led to his suspension.

¶32 As is our general practice, we find it appropriate to impose the full costs of this proceeding, $13,528.91, on Attorney Ritland.

¶33 IT IS ORDERED that James C. Ritland's petition for reinstatement of his license to practice law in Wisconsin is denied.

12

¶34  IT IS FURTHER ORDERED that within 60 days of the date of this order, James C. Ritland shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding.