IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Stanley V. WOODARD, Attorney at
Law.

Supreme Court

*No. 89-0475-D. Filed July 5, 1989.*

(Also reported in 441 N.W.2d 750.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the report of the referee recommending that the license of Stanley V. Woodard to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct consisting of his failure to file income tax returns, his failure to respond to inquiries from the revenue department regarding his tax liability and his failure to respond to several requests from the Board of Attorneys Professional Responsibility (Board) for information concerning his failure to file tax returns. We adopt the findings of fact and conclusions of law set

forth in the referee's report and we suspend Attorney Woodard's license to practice law in this state for 60 days as discipline for his repeated violations of the duty to report his income to state and federal authorities and pay tax thereon, as required by law. The suspension is also imposed for his violation of the duty under the rules of this court to respond fully and timely to requests from the court's Board investigating his conduct.

Attorney Woodard was licensed to practice law in Wisconsin in 1977 and practices in Madison. He has twice previously been publicly reprimanded by the Board, with his consent, for neglect of client legal matters, failure to promptly respond to Board inquiries, failure to deposit a client's funds into a trust account and misrepresentation of the location of those funds.

The parties stipulated to and the referee, Attorney Charles S. Van Sickle, made the following findings of fact and conclusions of law. Attorney Woodard did not file his Wisconsin and federal income tax returns for calendar years 1982 through 1986 until September, 1987 and after the Wisconsin Department of Revenue had commenced an investigation into his failure to file those returns; he did not file his state and federal income tax return for 1987 until November, 1988. In addition, Attorney Woodard failed to file tax returns for 1979 and 1981, although he was required to do so. For four of the five years for which he filed returns late, Attorney Woodard had tax liability totaling approximately $11,000. The referee specifically found that, while intentional, Attorney Woodard's failure to file or timely file tax returns was not designed to evade payment of his tax liability.

In addition to failing to file or timely file those tax returns, Attorney Woodard failed to respond to six written inquiries from the Wisconsin Department of Reve-

nue concerning his tax liability. Further, he failed to appear at a meeting scheduled with the Department in June, 1987. He also failed to respond to several written requests from the Board for information concerning this conduct, despite the fact that he had been granted an extension of time to file a response. He ultimately responded to the Board after obtaining counsel to represent him in the matter before the district professional responsibility committee.

On the basis of these stipulated facts, the referee concluded that Attorney Woodard violated a standard of professional conduct set forth in *State v. Roggensack,* 19 Wis. 2d 38, 119 NW2d 412 (1963), thereby violating SCR 20:8.4(f).[1] The referee also concluded that Attorney Woodard's failure to promptly respond to the Board's investigative inquiries violated SCR 21.03(4) and 22.07(2).[2]

---

[1]SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: . . . violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers . . .."

[2]The rules provide as follows:

SCR 21.03(4): Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

SCR 22.07(2): During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

Having adopted the referee's findings of fact and conclusions of law, we determine that a 60-day suspension of his license to practice law is appropriate discipline for this misconduct.

IT IS ORDERED that the license of Stanley V. Woodard to practice law in Wisconsin is suspended for a period of 60 days, commencing August 7, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Stanley V. Woodard pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Stanley V. Woodard to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Stanley V. Woodard comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.