IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Stanley V. WOODARD, Attorney at Law.

Supreme Court

*No. 93–1135–D. Filed May 24, 1994.*

(Also reported in 515 N.W.2d 700.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Stanley V. Woodard to practice law in Wisconsin be suspended for a period of one year as discipline for professional misconduct. That misconduct consisted of the following: assisting the friend of an incarcerated client to violate the terms of her probation by delivering on her behalf and at her request sealed packages to the client in jail, failing to maintain contact with a criminal client for an extended period or arrange for substitute counsel to attend scheduled court dates on his behalf, failing to prepare for trial in that client's matter and timely notify the court of his inability to proceed to trial as scheduled, failing to meet with another criminal client and adequately prepare for trial, failing to act promptly in a client's custody matter, keep the client informed of its status, return that client's file upon request and refund the unearned portion of the client's retainer, failing to appear at scheduled court hearings in three criminal cases and failing to respond to the Board of Attorneys Professional Responsibility (Board) and cooperate with it in its investigation of grievances made in respect to those matters. In addition to the license suspension, the referee recommended that Attorney Woodard's license be suspended indefinitely on the grounds of medical incapacity, which he asserted as a mitigating factor in this proceeding.

We determine that the recommended one-year license suspension is insufficiently severe in response to the seriousness of Attorney Woodard's professional misconduct and in view of the fact that he has been disciplined for misconduct, similar to some of that established in this proceeding, on three prior occasions.

The most serious of that misconduct concerns Attorney Woodard's twice having actively assisted a person in the violation of the terms of her probation by himself delivering packages for her to his incarcerated client, knowing that by doing so he was thwarting jail policy. By delivering those packages, one of which contained four hacksaw blades, without first having informed jail personnel or himself inspecting their contents, Attorney Woodard knowingly interfered with the operation of the criminal justice system and violated the trust the penal system places in attorneys by foregoing inspection of materials they carry with them when they visit their incarcerated clients. As a person licensed by this court to act on behalf of others in the Wisconsin legal system, Attorney Woodard's actions in that matter alone warrant severe sanction.

The court determines that the totality of his misconduct, its nature and its repetition call for the suspension of Attorney Woodard's license to practice law for three years. Furthermore, as he has asserted in this proceeding that he suffers a medical incapacity, he will be required to show, as a condition of reinstatement of his license following the suspension, that he no longer suffers that incapacity.

Attorney Woodard was licensed to practice law in Wisconsin in 1977 and practices in Madison. He has been publicly reprimanded twice by the Board for neglect of client legal matters, failure to promptly respond to Board inquiries, failure to deposit a client's funds into a trust account and misrepresentation of the location of those funds. In 1989, the court suspended his license for 60 days as discipline for his failure to file income tax returns, respond to inquiries from the revenue department regarding his tax liability and respond to several requests from the Board for information con-

cerning that conduct. *Disciplinary Proceedings Against Woodard,* 150 Wis. 2d 594, 441 N.W.2d 750.

When Attorney Woodard failed to answer the Board's amended complaint, respond to its motion for default or appear for a deposition as ordered, the referee, Attorney Norman Anderson, granted the default and made the following findings of fact. While employed as an assistant state public defender, Attorney Woodard represented an inmate charged with assaulting a prison guard. After the client was bound over for trial following a preliminary hearing on February 4, 1991, Attorney Woodard did not contact the client and did not appear at an arraignment scheduled for June 12, 1991 and rescheduled three times thereafter due to his failure to appear. Attorney Woodard claimed that his failure to appear was due to the illness, hospitalization and ensuing death of his mother in late June, 1991, but he did not contact the court prior to his failure to appear at the arraignment, although he did ask the Public Defender's office to send substitute counsel to the arraignment rescheduled for July 10, 1991.

After the court set that matter for a jury trial on September 6, 1991, the client himself sought to amend his plea as a result of having been unable to enter a not guilty plea because of Attorney Woodard's absence at the arraignment. After unsuccessfully attempting to contact Attorney Woodard, the court learned from the prosecutor that Attorney Woodard had stated his intention to ask the court for a continuance on September 3, 1991, but he did not do so. The following day he telephoned the court and told the judge of his mother's death but offered no explanation for having failed to maintain contact with his client following the February 4, 1991 arraignment. He requested a continuance of

the trial date for the stated reason that he had a conflict with the scheduled date but he ultimately admitted to the district professional responsibility committee investigating his conduct in the matter that he had not been prepared for trial.

The court had directed Attorney Woodard to confer with his client and telephone the court to reschedule the trial and when he failed to do so, the judge told the Board of his concern with the handling of the criminal case. The Board then asked Attorney Woodard to respond but he did not do so until six weeks later, explaining that his response was late because he had gotten married, was out of his office for three weeks and had gotten behind with his mail. When he finally responded to the Board, Attorney Woodard stated that he was asking the Public Defender to appoint other counsel to represent the client and that he was filing a motion to withdraw from the case. However, he never filed that motion and the case was ultimately dismissed after the client had been transferred to a prison in another state.

The referee concluded that Attorney Woodard failed to act in this matter with the thoroughness and preparation reasonably necessary for the client's representation, in violation of SCR 20:1.1,[1] and failed to make reasonable efforts to expedite litigation of the client's case, in violation of SCR 20:3.2.[2]

---

[1] SCR 20:1.1 provides:

**Competence**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:3.2 provides:

**Expediting litigation**

579

The second matter considered in this proceeding concerns the representation Attorney Woodard, then in private practice, provided another criminal defendant. Attorney Woodard was appointed by the Public Defender in the spring of 1991 to represent a man charged with a drug offense. Attorney Woodard met with the client in August, 1991, when he gave him his copy of the police reports relating to the charge, and again met with the client on September 30, 1991, the morning of jury selection in the client's trial, when the client waived his right to a jury. Attorney Woodard's next meeting with the client occurred on January 9, 1992, the day of the bench trial at which the client was convicted. In its order subsequently denying the client's postconviction motion based on Attorney Woodard's alleged ineffective representation at trial, the court noted Attorney Woodard's failure to interview witnesses named in the police reports, meet with his client to prepare him to testify, maintain and have available at trial copies of the police reports and ascertain the extent of the client's criminal record, which the prosecutor used to seriously undermine the client's credibility.

The referee concluded that Attorney Woodard failed to act with reasonably necessary thoroughness and preparation for representation of the client, in violation of SCR 20:1.1, and failed to respond to inquiries from the Board concerning the client's grievance, in violation of SCR 22.07(2).[3]

---

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

[3] SCR 22.07 provides:

**Investigation.**

. . .

In a third matter, in the summer of 1991 Attorney Woodard was representing a man who had been convicted of several offenses and was in jail awaiting sentencing. The man's girlfriend was convicted of harboring and aiding the client prior to his arrest and was placed on probation, which included a condition that she have no contact, direct or indirect, with the client. Although he was aware of that condition of probation and notwithstanding a jail regulation requiring everything except legal papers to be inspected by jail personnel prior to being given to a prisoner, Attorney Woodard on two occasions gave his client at the jail sealed packages the client's girlfriend had asked him to deliver. Attorney Woodard had not inspected the contents of those packages nor had he told jail personnel that he was making the deliveries. On the evening of the day the client was sentenced to 224 years in prison, a search of the client's cell produced four hacksaw blades, which had been in one of the packages Attorney Woodard delivered. Attorney Woodard was criminally charged with aiding the woman in violation of her probation and the charge was dismissed upon his agreement to enter the first offender's program.

The referee concluded that Attorney Woodard engaged in criminal conduct in this matter reflecting adversely on his honesty, trustworthiness and fitness

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

as a lawyer, in violation of SCR 20:8.4(b) and (c),[4] and violated SCR 22.07(3)[5] by failing to respond to six telephone calls from the district professional responsibility committee's investigator, failing to respond until served with a subpoena and never providing additional information requested or appearing at a meeting of the committee.

In a fourth matter, Attorney Woodard was retained in April, 1992 to represent a man in a child custody matter, for which he was paid a $500 retainer and given the client's complete file. Between May and November, 1992, Attorney Woodard did not respond to 25 calls from the client seeking to learn the status of the matter nor did he respond to two letters from the client asking for the return of his file and the retainer. Attorney Woodard ultimately told the client's successor counsel that he would return the file within one week but did not do so, claiming that he was unable to find it.

[4] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(b)  commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 22.07 provides:

**Investigation.**
. . .
(3)  The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

When the file was returned to the client after a grievance had been filed with the Board, it contained no evidence that Attorney Woodard had done anything in the client's matter. Attorney Woodard returned none of the client's retainer, even though he had said he would return at least one-half of it by a specified date.

The referee concluded that Attorney Woodard violated SCR 20:1.3 by failing to act with reasonable diligence in the client's representation and failed to keep the client informed of the status of that matter and respond to reasonable requests for information concerning it, in violation of SCR 20:1.4(a).[6] Further, he failed to take reasonable steps to protect the client's interests upon termination of representation, in violation of SCR 20:1.16(d),[7] and violated SCR 21.03(4)[8]

---

[6] SCR 20:1.4 provides:

**Communication**

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[7] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

[8] SCR 21.03 provides:

**General principles.**

. . .

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and imposition of grievances and complaints filed with or by the board or administrator.

and 22.07(2) and (3) by failing to respond to Board requests for information concerning the client's grievance and failing to document his claim that his failure to respond was the result of illness.

The fifth matter considered in this proceeding concerns Attorney Woodard's unexplained failure to appear at a motion hearing in a client's criminal matter, which the judge in that matter stated on the record was part of a continuing pattern of unexplained failures to appear. Attorney Woodard did not respond to two letters from the Board asking for a response to the judge's grievance filed with the Board. Contrary to his assertion to the district committee investigator that he had failed to appear only once in that judge's court and that he had not received notice of the hearing, the referee found that the customary notice of hearing had been sent to Attorney Woodard and the judge had discussed the hearing date with him the day before the hearing. Further, the referee found, Attorney Woodard had failed to appear at three hearings in that judge's court.

The referee concluded that Attorney Woodard failed to act with reasonable diligence in the representation of his clients by his nonappearances in at least three criminal cases during 1992 and 1993, in violation of SCR 20:1.3, failed to expedite litigation consistent with the interests of those clients, in violation of SCR 20:3.2, and failed to cooperate with the Board in its investigation of his conduct in the matters, in violation of SCR 21.03(4) and 22.07(2) and (3).

When the referee granted the Board's motion for default in this disciplinary proceeding and gave Attorney Woodard the opportunity to respond to the Board's proposed findings, conclusions and recommendation for discipline, Attorney Woodard submitted a psychia-

584

trist's report stating that he suffers from major depression and dysthymia. The referee concluded on the basis of that report that Attorney Woodard suffers a medical incapacity and should not be permitted to practice law but rejected Attorney Woodard's position that the disciplinary proceeding be converted to a medical incapacity proceeding and that his license be suspended indefinitely until he can show that he has recovered from that incapacity. Concluding that the medical report did not support a finding that Attorney Woodard's medical condition caused his misconduct, the referee also rejected Attorney Woodard's request that the medical incapacity be considered a mitigating factor in determining appropriate discipline.

When the referee filed his report with the court recommending that Attorney Woodard's license to practice law be suspended for one year and that it be suspended indefinitely until he can show that he no longer suffers from his asserted medical incapacity, the court ordered Attorney Woodard to show cause why more severe discipline should not be imposed. Attorney Woodard did not respond to that order.

We adopt the referee's findings of fact and conclusions of law in respect to Attorney Woodard's professional misconduct established in this proceeding. We determine that the discipline to be imposed for that misconduct must be substantially more severe than the one-year license suspension recommended by the referee in order that it be commensurate with the seriousness of that misconduct, its nature and extent.

IT IS ORDERED that the license of Stanley V. Woodard to practice law in Wisconsin is suspended for a period of three years, effective June 23, 1994.

IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wiscon-

sin, Stanley V. Woodard shall establish that he no longer suffers from the medical incapacity asserted in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Stanley V. Woodard pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Stanley V. Woodard to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Stanley V. Woodard comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., took no part.