In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Stanley V. WOODARD, Attorney at Law.

Supreme Court

*No.  94–1838–D.  Filed February 9, 1995.*

(Also reported in 526 N.W.2d 510.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*
We review the recommendation of the referee that the license of Attorney Stanley V. Woodard to practice

law in Wisconsin be suspended for one year as discipline for professional misconduct in his representation of two clients in 1992 and 1993 and his failure to respond to numerous inquiries from the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee requesting his response to grievances filed on behalf of the clients. We determine that the recommended license suspension is appropriate discipline to impose for Attorney Woodard's professional misconduct established in this proceeding. Further, it is appropriate, as the referee recommended, that the suspension be concurrent with the suspension of Attorney Woodard's license imposed in a prior proceeding and now in effect, as the matters considered in the instant proceeding, had they been included in the prior proceeding, would not have resulted in discipline greater than the three-year license suspension previously imposed.

Attorney Woodard was licensed to practice law in Wisconsin in 1977 and practices in Madison. The Board has publicly reprimanded him twice for neglecting client legal matters, failing to promptly respond to Board inquiries, failing to deposit client funds in a trust account and misrepresenting the location of those funds. In 1989 the court suspended his license for 60 days as discipline for his failure to file income tax returns and respond to inquiries from the revenue department and from the Board. *Disciplinary Proceedings Against Woodard,* 150 Wis. 2d 594, 441 N.W.2d 750.

Most recently, the court suspended his license for three years as discipline for assisting the friend of an incarcerated client in violating the terms of her probation by delivering on her behalf and at her request sealed packages to the client in jail, failing to maintain

contact with a criminal client for an extended period or arrange for other counsel to attend scheduled court dates, failing to prepare for trial in that client's matter and timely notify the court of his inability to proceed to trial as scheduled, failing to meet with another criminal client and adequately prepare for trial, failing to act promptly in a client's custody matter, keep that client informed of its status, return the client's file upon request and refund the unearned portion of the client's retainer, failing to appear at scheduled court hearings in three criminal cases and failing to respond to the Board and cooperate in its investigation of grievances. *Disciplinary Proceedings Against Woodard,* 183 Wis. 2d 575, 515 N.W.2d 700 (1994). That license suspension commenced June 23, 1994.

In the instant proceeding, the referee, Attorney David R. Friedman, made the following findings of fact pursuant to the parties' stipulation, in which Attorney Woodard pleaded no contest to the allegations of the Board's complaint that he engaged in professional misconduct in two matters. In the first of those, a woman retained Attorney Woodard in May, 1992 to represent her son on a personal injury claim arising while he was in custody of the Department of Corrections, for which she paid him a $300 retainer. In July, 1992, Attorney Woodard filed a notice of claim in the matter and told the client he was attempting to hire another attorney as co-counsel. Thereafter, Attorney Woodard had no contact with the client or his mother until May 14, 1993, when he wrote the client that, after reviewing the claim and the time and expense required to pursue it, he could not continue with the client's representation. He told the client he would cooperate with any other attorney the client might retain and would turn the client's file over to either the client or his mother.

The client sent Attorney Woodard a certified letter on June 1, 1993 requesting the return of his file and a portion of the $300 retainer his mother had paid. When Attorney Woodard did not respond, the client's mother filed a grievance with the Board. Attorney Woodard did not respond to the Board's letter requesting a response to the grievance or to the Board's subsequent certified letter seeking a response. He also did not respond to another letter from the client requesting his file. When the district professional responsibility committee sent him a certified letter requesting a response to the client's grievance, Attorney Woodard refused to accept it and it was returned unclaimed.

In the second matter, a defendant awaiting sentencing in a pending criminal proceeding retained Attorney Woodard in October, 1992 to represent him, for which he paid him $3,000, believing it would constitute a single fee for representation in the circuit court and, if his sentence were more than two years, in an appeal. The client was sentenced the following month to a term of more than four years and Attorney Woodard filed a notice of intent to pursue postconviction relief. Following the imposition of sentence, Attorney Woodard wrote the client that the $3,000 he had paid covered only his representation at the sentencing hearing and his review of the trial transcript for any appellate issues. The client wrote to Attorney Woodard objecting to any additional fee and asked Attorney Woodard to contact him as soon as possible.

Several months later, the client again wrote to Attorney Woodard asking for information about his case and Attorney Woodard did not respond to that letter or to a subsequent letter from the client and telephone calls from the client's wife. Attorney Woodard also did not respond to the Board's letter

requesting information following the filing of a grievance against him and a certified letter to him from the Board was returned unclaimed. In addition, Attorney Woodard did not respond to a certified letter from the district professional responsibility committee investigator.

The referee concluded, as the parties had stipulated, that Attorney Woodard violated SCR 20:1.4(a)[1] by failing to communicate with his clients and respond to their requests for information concerning their legal matters, violated SCR 20:1.16(d)[2] by failing to return his client's file upon request and upon termination of representation and failing to give his client reasonable notice that he was not pursuing the client's legal matter and refund advance payment of fees and violated SCR 21.03(4)[3] and 22.07(2)[4] by failing to respond to the Board and to the district committee requesting

[1] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of

responses to client grievances. As discipline for that misconduct, the referee recommended that the court impose a one-year license suspension, to run concurrently with the three-year license suspension now in effect. In addition, the referee recommended that Attorney Woodard be required to pay the costs of the disciplinary proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline for Attorney Woodard's professional misconduct.

IT IS ORDERED that the license of Stanley V. Woodard to practice law in Wisconsin is suspended for a period of one year, the suspension to expire June 23, 1997.

IT IS FURTHER ORDERED that within 60 days of the date of this order Stanley V. Woodard pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Stanley V. Woodard to

---

grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Stanley V. Woodard comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., took no part.