IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Stanley V. WOODARD, Attorney at Law.

Supreme Court

*No. 96–0884–D. Filed April 16, 1996.*

(Also reported in 546 N.W.2d 162.)

## STATE OF WISCONSIN—SUPREME COURT

### ORDER

On March 26, 1996, the Board of Attorneys Professional Responsibility filed its report recommending that the petition of Stanley V. Woodard for the revocation of his license to practice law be revoked by consent, pursuant to SCR 21.10 (1). In that petition, Mr. Woodard stated that he cannot successfully defend against misconduct allegations under investigation by the Board. Those allegations concern his use of his client trust account to make payments of personal obligations, his failure to maintain required trust account records, including his receipt and disbursement of a client's funds, writing checks on those funds to himself for fees without adequately documenting the purpose of those transactions, and failing to account to a client for funds he received and disbursed on the client's behalf.

Attorney Woodard was admitted to the practice of law in Wisconsin in 1977 and practiced in Madison. His license to practice law is currently suspended pursuant to the three-year license suspension ordered by the court as discipline for his professional misconduct. *In re Disciplinary Proceedings Against Woodard,* 183 Wis. 2d 575, 515 N.W.2d 700 (1994).

IT IS ORDERED that the petition is granted and the license of Stanley V. Woodard to practice law in Wisconsin is revoked, pursuant to SCR 21.10 (1), effective the date of this order.

IT IS FURTHER ORDERED that Stanley V. Woodard comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

SHIRLEY S. ABRAHAMSON, J., did not participate.

Marilyn L. Graves<br>Clerk of Supreme Court