# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2086-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Richard W. Voss, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Richard W. Voss, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST VOSS

| | |
|---|---|
| OPINION FILED: | December 8, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

**2015 WI 104**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2086-D

STATE OF WISCONSIN                    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Richard W. Voss, Attorney at Law:**

**Office of Lawyer Regulation,**

             **Complainant,**

     **v.**

**Richard W. Voss,**

             **Respondent.**

**FILED**

**DEC 8, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1    PER CURIAM.    We review a stipulation filed by Richard W. Voss and the Office of Lawyer Regulation (OLR), pursuant to Supreme Court Rule (SCR) 22.12,[1] which sets forth

_____

[1] SCR 22.12 (Stipulation) provides:

    (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme

(continued)

findings of fact and conclusions of law regarding Attorney Voss's six counts of professional misconduct. Attorney Voss is already under suspension pursuant to the 18-month suspension ordered in In re Disciplinary Proceedings Against Voss, 2014 WI 75, 356 Wis. 2d 382, 850 N.W.2d 190, which runs until February 22, 2016.

¶2 The parties' stipulation did not contain an agreement regarding the appropriate level of discipline to be imposed.

---

court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

The parties agreed to brief the issue of sanctions before the referee, James R. Erickson.

¶3 The referee accepted the stipulation and found, based on the stipulation, that the stipulated facts supported a conclusion of misconduct on all six counts. The referee recommended that the court suspend Attorney Voss for a 60-day period, consecutive to the 18-month suspension Attorney Voss is currently serving. The referee also recommended that the court assess the OLR's full costs against Attorney Voss, which total $2,801.98 as of July 30, 2015.

¶4 Because no appeal has been filed from the referee's report and recommendation, we review the matter pursuant to SCR 22.17(2).[2] We adopt the findings of fact and conclusions of law to which the parties have stipulated and as adopted by the referee. We agree that the seriousness of Attorney Voss's misconduct warrants a 60-day suspension of his license to practice law, consecutive to the 18-month suspension he is currently serving, together with costs.

¶5 Attorney Voss was admitted to the practice of law in Wisconsin in 1976.

---

[2] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶6 Attorney Voss has been disciplined previously for misconduct. In 2004, Attorney Voss was privately reprimanded for failing to provide competent representation and failing to keep a client reasonably informed. Private Reprimand No. 2004-24.[3] In 2006, Attorney Voss received a public reprimand for various trust account violations. Public Reprimand of Richard W. Voss, 2006-7. In 2014, Attorney Voss received an 18-month suspension for his conduct as the court-appointed guardian of the person and estate of an individual suffering from mental illness. This court determined that Attorney Voss committed 11 counts of misconduct by, among other things, converting at least $48,791.73 of his client's funds either for his own use or to cover expenditures for other client matters, committing various trust account violations, and making misrepresentations to the circuit court regarding his client's assets. Voss, 356 Wis. 2d 382.

¶7 This disciplinary matter involves six counts of misconduct, four of which concern Attorney Voss's work in bankruptcy matters, and two of which concern Attorney Voss's trust account practices. We take the following facts from the parties' stipulation.

---

[3] The OLR's complaint and the parties' stipulation both cite Private Reprimand No. 2004-25, but that matter involved criminal conduct by a lawyer, which clearly does not fit the description of Attorney Voss's misconduct. Private Reprimand No. 2004-24 involved violations of SCRs 20:1.1 and 20:1.4(a).

4

¶8 Attorney Voss was hired to file bankruptcies for his clients, J.M. and L.R. In both cases, before doing any work, Attorney Voss had the client pay approximately $500 in attorney fees and approximately $300 in filing fees. Attorney Voss placed these funds into his client trust account. It is undisputed that while the funds remained in trust, they remained an asset of the client.

¶9 Attorney Voss, or his staff under his direction, told J.M. and L.R. that the firm would file a fee waiver application with the appropriate United States Bankruptcy Court. Attorney Voss's office would prepare the fee waiver application, along with the bankruptcy petition. When drafting these documents, Attorney Voss failed to disclose to the bankruptcy court that the filing fee had already been paid by the client and that Attorney Voss was holding the funds in trust.

¶10 Attorney Voss, or his staff under his direction, had J.M. and L.R. sign the bankruptcy documents under penalty of perjury. In signing the bankruptcy documents, J.M. and L.R. verified that the documents were accurate, including a statement that they could not afford to pay the filing fee, and including an asset disclosure that did not disclose the filing fee payments held in Attorney Voss's firm's trust account.

¶11 In the J.M. bankruptcy case, the bankruptcy court denied the filing fee waiver application on September 25, 2013. The court ordered that J.M. pay the filing fee in installments beginning on October 25, 2013. Neither Attorney Voss nor his staff contacted J.M. to let her know of the denial of her filing

5

fee waiver application. J.M. first learned that the bankruptcy court had denied her waiver application and that her filing fee remained unpaid at the meeting of creditors on October 17, 2013. J.M. was upset upon learning this information because she had paid the filing fee to Attorney Voss months earlier and had not been told of the denial of her filing fee waiver application.

¶12 On October 25, 2013——the date the first installment of J.M.'s filing fee was due——Attorney Voss's secretary paid the filing fee in full. Before this date, Attorney Voss's secretary had experienced difficulties determining from the bankruptcy court's website how much was owed as a filing fee and how to pay it. Because Attorney Voss's secretary did not inform him of her difficulties in paying the filing fee, Attorney Voss was unaware of the problems until he received a letter from the OLR about the matter.

¶13 In the L.R. bankruptcy case, the bankruptcy court approved L.R.'s filing fee waiver application. When Attorney Voss received the notice of the approval, he refunded to L.R. the filing fee which was held in trust.

¶14 Attorney Voss has submitted filing fee waiver applications for bankruptcy clients other than J.M. and L.R. after having collected filing fees from those other clients. In all of those cases, the filing fee held in trust was not disclosed as an asset of the debtor in the bankruptcy documents. If the bankruptcy court waived the filing fee, Attorney Voss's office returned the filing fee to the clients. If the

bankruptcy court did not waive the filing fees, Attorney Voss's office paid the filing fee to the bankruptcy court.

¶15 The remaining conduct at issue concerns Attorney Voss's continued inability or unwillingness to comply with the trust account rules. Since at least 1986, Attorney Voss has used a particular bank account at M&I Bank (n/k/a BMO Harris Bank) as his client trust account. Attorney Voss has designated this account as his client trust account. However, the account is not an Interest on Lawyer Trust Accounts (IOLTA) account and does not accrue interest to be paid to the Wisconsin Trust Account Foundation, Inc.

¶16 Attorney Voss has long been on notice that he must rectify his handling of trust account funds. In 2006, Attorney Voss received a public reprimand for misconduct that, in part, related to his failure to maintain accurate records of his trust account activity and his failure to maintain an IOLTA trust account. In 2012, the OLR filed a disciplinary complaint seeking to discipline Attorney Voss for misconduct that included his failure to maintain an IOLTA trust account; this complaint culminated in the 18-month suspension which Attorney Voss is currently serving. Attorney Voss continued, throughout these prior matters, and throughout the OLR's investigation of the present matter, to use the non-IOLTA account at M&I Bank (n/k/a BMO Harris Bank) as his client trust account.

¶17 In late 2013, the OLR requested a copy of Attorney Voss's trust account transaction register for the period of time in which he was holding J.M.'s filing fee in trust. Attorney

7

Voss provided to the OLR a list of deposits and a separate list of disbursements, which did not separately or collectively meet the requirements for compliant trust account documents.

¶18 On the basis of these facts, the parties stipulated, and the referee concluded, that Attorney Voss committed the following acts of misconduct:

- Count One:  By filing or causing his staff to file applications for filing fee waivers with the United States Bankruptcy Courts on behalf of clients that failed to disclose the amounts being held by Attorney Voss on behalf of the clients for payment of their filing fees, and thereby failing to comply with applicable Federal Rules of Bankruptcy Procedure, Attorney Voss violated SCR 20:3.4(c).[4]

- Count Two:  By filing or causing his staff to file on behalf of clients applications for filing fee waivers with United States Bankruptcy Courts that failed to disclose the funds being held in trust by Attorney Voss on behalf of the clients for payment of their filing fees, Attorney Voss violated SCR 20:8.4(c).[5]

---

[4] SCR 20:3.4 (c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[5] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

- Count Three: By failing to adequately supervise his staff so as to ensure that documents prepared and filed by his staff on behalf of clients conformed in all respects with applicable law and court rules and were in all respects accurate, Attorney Voss violated SCR 20:5.3(a) and (b).[6]

- Count Four: By failing to take reasonable steps to ensure his staff timely informed him and/or clients of case developments, including the payment status of filing fees, Attorney Voss violated SCR 20:5.3(a) and (b).

- Count Five: By (i) failing to maintain a pooled interest bearing account; (ii) failing to participate in the Interest on Trust Accounts Program; and (iii) depositing client and third party funds that are nominal in amount and/or intended to be held for a

---

[6] SCR 20:5.3(a) and (b) provide that, with respect to a nonlawyer employed or retained by or associated with a lawyer,

(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer[.]

short period of time in a non-interest-bearing account, Attorney Voss violated SCR 13.04[7] and SCR 20.15(c)(1).[8]

- Count Six: By failing to provide the OLR with a copy of his trust account transaction register for the period requested of him by the OLR, Attorney Voss violated SCR 20:1.15(e)(7).[9] In the alternative, by failing to maintain a compliant transaction register

---

[7] SCR 13.04 provides, as relevant here, that "an attorney shall participate in the [Interest on Trust Accounts] program as provided in SCR 20:1.15[.]"

[8] SCR 20:1.15(c)(1) provides:

A lawyer or law firm who receives client or 3rd-party funds that the lawyer or law firm determines to be nominal in amount or that are expected to be held for a short period of time such that the funds cannot earn income for the benefit of the client or 3rd party in excess of the costs to secure that income, shall maintain a pooled interest-bearing or dividend-paying draft trust account in an IOLTA participating institution.

[9] SCR 20:1.15(e)(7) provides:

All trust account records have public aspects related to a lawyer's fitness to practice. Upon request of the office of lawyer regulation, or upon direction of the supreme court, the records shall be submitted to the office of lawyer regulation for its inspection, audit, use, and evidence under any conditions to protect the privilege of clients that the court may provide. The records, or an audit of the records, shall be produced at any disciplinary proceeding involving the lawyer, whenever material. Failure to produce the records constitutes unprofessional conduct and grounds for disciplinary action.

for the period requested, Attorney Voss violated SCR 20:1.15(f)(1)a.[10]

¶19 The parties briefed the issue of sanctions before the referee.  The OLR encouraged the referee to recommend a six-month license suspension of Attorney Voss's Wisconsin law license, to run consecutive to his present suspension.  Attorney Voss encouraged the referee to recommend a less-than-six-month suspension, to run concurrent to his present suspension.

¶20 In his report, the referee recommended that the court impose a 60-day license suspension, to run consecutive to Attorney Voss's present suspension.  The referee wrote that a six-month period of suspension following Attorney Voss's 18-month suspension, as the OLR requested, was unnecessary to

---

[10] SCR 20:1.15(f)(1)a. provides that complete records of a trust account that is a draft account shall include a transaction register.  Specifically:

> The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:
>
> 1. the date, source, and amount of all deposits;
>
> 2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;
>
> 3. the date and amount of every other deposit or deduction of whatever nature;
>
> 4. the identity of the client for whom funds were deposited or disbursed; and
>
> 5. the balance in the account after each transaction

meet the goals of Wisconsin's disciplinary system——especially since, in the referee's view, Attorney Voss's misconduct has "more to do with sloppy office supervision and inadequate staff and self-training than it has to do with intentional professional misconduct."

¶21 Because no appeal was filed from the referee's report and recommendation, our review proceeds pursuant to SCR 22.17(2). When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law, however, on a de novo basis. Id. Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶22 We adopt the findings of fact and conclusions of law to which the parties have stipulated and as adopted by the referee. We agree with the referee that the stipulated facts demonstrate that Attorney Voss committed each of the six counts of misconduct alleged in the OLR's complaint.

¶23 We further agree with the referee that Attorney Voss's misconduct warrants a 60-day suspension of his Wisconsin law license. In imposing a 60-day suspension in lieu of a lengthier suspension, we note particularly the referee's determination

that Attorney Voss's mistakes were more a result of slipshod practices, as Attorney Voss claimed, than flagrant misconduct, as the OLR claimed——a determination from which the OLR has not appealed. Even given that the events in this case were merely the result of sloppy lawyering, however, we have no difficulty justifying a 60-day suspension. See, e.g., In re Disciplinary Proceedings Against McKloskey, 2009 WI 65, 318 Wis. 2d 602, 768 N.W.2d 10 (60-day suspension for sloppy and careless trust account procedures and failure to keep a client informed).

¶24 We further agree with the referee that the 60-day suspension should run consecutive to Attorney Voss's present 18-month suspension. We were concerned enough with Attorney Voss's practice habits to impose a lengthy 18-month suspension. Were we aware of the facts presented here, which further call into question Attorney Voss's trust accounting practices and forthrightness with courts and clients, we are confident we would have imposed an even longer suspension. A consecutively imposed suspension is therefore in order. See In re Disciplinary Proceedings Against Woodard, 190 Wis. 2d 487, 488, 526 N.W.2d 510 (1995).

¶25 We note that Attorney Voss has filed no objection to the costs requested by the OLR, which total $2,801.98 as of July 30, 2015. We therefore impose them.

¶26 Finally, we note that the OLR did not seek restitution in this case. None is ordered.

¶27 IT IS ORDERED that the license of Richard W. Voss to practice law in Wisconsin is suspended for a period of 60 days,

13

to run consecutive to the discipline imposed in <u>In re Disciplinary Proceedings Against Voss</u>, 2014 WI 75, 356 Wis. 2d 382, 850 N.W.2d 190.

¶28 IT IS FURTHER ORDERED that within 60 days of the date of this order, Richard W. Voss shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶29 IT IS FURTHER ORDERED that compliance with all conditions of this decision is required for reinstatement. <u>See</u> SCR 22.28(2).