# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2012AP931-D & 2014AP2086-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Richard W. Voss, Attorney at Law: |

Office of Lawyer Regulation,
      Complainant-Appellant,
    v.
Richard W. Voss,
      Respondent-Respondent.
-----------------------------------------------------
In the Matter of Disciplinary Proceedings Against Richard W. Voss, Attorney at Law:

Office of Lawyer Regulation,
      Complainant-Respondent,
    v.
Richard W. Voss,
      Respondent-Appellant.

DISCIPLINARY PROCEEDINGS AGAINST VOSS

| | |
|---|---|
| OPINION FILED: | March 1, 2018 |
| SUBMITTED ON BRIEFS: | November 27, 2017 |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-respondent (2012AP931-D), respondent-appellant (2014AP2086-D), there were briefs filed by *Richard W. Voss*, Rhinelander.

For the complainant-appellant (2012AP931-D), complainant-respondent (2014AP2086-D), there was a brief filed by *Julie M. Spoke* and *Office of Lawyer Regulation*, Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP931-D & 2014AP2086-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Richard W. Voss, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant-Appellant,**

    **v.**

**Richard W. Voss,**

       **Respondent-Respondent.**

**FILED**

**MAR 1, 2018**

Sheila T. Reiff
Clerk of Supreme Court

**In the Matter of Disciplinary Proceedings Against Richard W. Voss, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant-Respondent,**

    **v.**

**Richard W. Voss,**

       **Respondent-Appellant.**

ATTORNEY reinstatement proceeding.   *Reinstatement denied.*

¶1 PER CURIAM. Richard W. Voss has appealed a referee's report recommending the denial of Attorney Voss's petition for reinstatement of his license to practice law in Wisconsin. We agree with the referee that Attorney Voss's license to practice law should not be reinstated at this time. We direct Attorney Voss to pay the costs of the reinstatement proceeding, which totaled $4,034.75 as of November 13, 2017.

¶2 Attorney Voss was admitted to practice law in Wisconsin in 1976 and practiced in Rhinelander. In 2004, he was privately reprimanded for failing to provide competent representation and failing to keep a client reasonably informed. Private Reprimand No. 2004-24 (electronic copy available at https://compendium.wicourts.gov/app/raw/001746.html). In 2006, Attorney Voss was publicly reprimanded for various trust account violations. Public reprimand of Richard W. Voss, No. 2006-7 (electronic copy available at https://compendium.wicourts.gov/app/raw/001861.html).

¶3 In 2014, Attorney Voss's license to practice law was suspended for 18 months for his conduct as the court appointed guardian of the person and estate of an individual suffering from mental illness. This court determined that Attorney Voss committed 11 counts of misconduct by, among other things, converting at least $48,791.73 of his client's funds either for his own use or to cover expenditures for other client matters, committing various trust account violations, and making misrepresentations to the circuit court about the client's assets. In re Disciplinary Proceedings Against Voss, 2014 WI

2

75, 356 Wis. 2d 382, 850 N.W.2d 190. In 2015, Attorney Voss's law license was suspended for a period of 60 days, to run consecutive to the discipline imposed in 2014. The misconduct at issue in the 2014 case included improprieties in the handling of matters filed in United States Bankruptcy Courts; failing to adequately supervise his staff so as to ensure the documents prepared and filed by staff on behalf of clients conformed in all respects with applicable law and court rules and were in all respects accurate; failing to take reasonable steps to ensure his staff timely informed him and/or clients of case developments, including the payment status of filing fees; trust account violations; and failing to provide the Office of Lawyer Regulation (OLR) with a copy of his trust account transaction register for the period requested of him by the OLR. In re Disciplinary Proceedings Against Voss, 2015 WI 104, 365 Wis. 2d 442, 871 N.W.2d 859.

¶4 Attorney Voss filed a petition for the reinstatement of his license to practice law in March 2016. The OLR filed a response opposing the Petition for Reinstatement. The OLR said its investigation revealed that Attorney Voss's conduct since his suspension has not been exemplary and above reproach and he cannot be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others or act in matters of trust or confidence.

¶5 The Honorable John B. Murphy was appointed referee. A hearing was held in October 2016. Attorney Voss was the only witness to testify at the hearing.

¶6 The referee issued his report and recommendation on November 1, 2016. The referee found that Attorney Voss had met some of the reinstatement criteria. The referee found that Attorney Voss did not practice law during his suspension, kept up on his educational requirements, and met his financial obligations as to reimbursement and payment of client claims and fees. The referee found, however, that Attorney Voss did not meet some of the other reinstatement requirements.

¶7 The referee said most importantly, Attorney Voss failed to comply with the Order of Suspension by not properly notifying his clients, by mail, of his suspension and that the cessation of his law practice was a result of the suspension. The referee said while it was true that Attorney Voss did send letters to his bankruptcy clients, those letters made no mention of any suspension or attorney disciplinary action. Rather, the letters simply indicated that Attorney Voss would be "leaving my Law Practice on September 4, 2014." The referee said when questioned about the letters at the evidentiary hearing, Attorney Voss seemed to feel that there was no need to give his bankruptcy clients a reason for why he was leaving his law practice since the end result —— the client would need to find a new attorney —— would be the same whether or not the clients knew about the suspension. The referee said, "any reasonable reading of the Voss letters makes clear that Voss was trying to give his clients the impression that his winding up of his practice was just a routine matter and was, implicitly, based upon some 'good' reason such as retirement."

4

¶8   The referee said Attorney Voss seemed to feel that his failure to mention the suspension in the letters he sent to clients was merely an oversight because it did not occur to him to mention it at the time.  The referee said the record suggests otherwise.  The referee noted that SCR 22.26(1)(a) is clear as to the need to establish the nexus between leaving the practice of law and the suspension.  The referee said this is not a rule where "substantial compliance" is good enough.  The referee opined that failure to use the word "suspension" in the letters to clients meant that SCR 22.26(1)(a) was not complied with.

¶9   The referee also noted that Attorney Voss testified at the evidentiary hearing that he became aware that the initial notification letters that his secretary had to send to the bankruptcy clients were erroneously sent out by registered mail rather than certified mail.  Once Attorney Voss became aware of this error, he instructed his secretary to resend the letters. The referee said since the only way Attorney Voss could have known of the need to use certified mail was by reading SCR 22.26(1)(a), Attorney Voss's claim that he was unaware of the requirement of stating that a suspension was the cause of his termination of practice was absurd and suggests that Attorney Voss is being disingenuous in his claim that he was ignorant of the provisions of the rule.

¶10  The referee went on to note that on September 25, 2014, Attorney Voss signed a document entitled "Winding up of Practice Richard W. Voss," which was a sworn statement that Attorney Voss provided to this court at the time of his

5

suspension. The referee noted that in the document, Attorney Voss attested that, "[a]ll clients with pending matters in which he was the attorney of record were advised of his inability to continue to represent them after September 4, 2014, the effective date of the suspension." The referee said the wording of this paragraph, along with the language of the letters sent to the bankruptcy clients, leads to the conclusion that Attorney Voss deliberately chose to circumvent the requirement of SCR 22.26(1)(a) by misleading his clients about his suspension.

¶11 Further, the referee said Attorney Voss admitted that he failed to give any written notification of his suspension and his leaving the practice of law to any of his public defender clients. The referee said this, too, was a clear violation of the requirement of SCR 22.26(1)(a) and "suggests a more troubling concern regarding Voss's competency to practice law." The referee noted that Attorney Voss testified at the evidentiary hearing that public defender clients were somehow not his clients but were rather clients of the public defender itself and that Attorney Voss represented the individual clients by some sort of proxy. The referee said, "this view is extremely troubling since it indicates that Voss has little understanding of the attorney-client relationship or how that relationship is the cornerstone of all legal practice."

¶12 In addition, the referee noted that SCR 22.26(1)(c) requires all suspended or revoked attorneys to give written notice to all courts, agencies, and opposing counsel of the suspension or revocation and of the termination of practice.

The referee said Attorney Voss provided no such notification to any of the required persons or entities, nor did he attempt to gain the circuit court's approval for withdrawal and substitution of counsel with respect to his criminal clients. The referee noted that at the evidentiary hearing, Attorney Voss said there had been an article about his suspension in the Rhinelander newspaper. The referee said Attorney Voss seemed to consider the newspaper article substitute notice sufficient to meet the requirements of SCR 22.26.

¶13 In addition to the failure to comply with the requirements of SCR 22.26, the referee also found that Attorney Voss still lacks an understanding of the need for a proper and approved system of managing client funds. The referee noted that as early as 2005 or even sooner, Attorney Voss began having major problems with the handling of trust accounts, and those problems continued up to the time of his suspension. The referee said according to the records of the two cases that led to his suspensions, and from what Attorney Voss testified to at the evidentiary hearing, it appeared to the referee that Attorney Voss has learned very little since 2005 about the correct handling of client funds through the use of a properly created trust account, in spite of having taken classes on such accounts. The referee said there was nothing to suggest that if Attorney Voss were reinstated to the practice of law, he would be any more successful in keeping his accounts straight. The referee said, "in fact, it was unclear, at the hearing, whether

Voss even understood the basic accounting and ethical principles behind maintaining a trust account . . .."

¶14 The referee concluded that Attorney Voss's failure to fulfill the requirements of SCR 22.26 made him ineligible for reinstatement. The referee also said because Attorney Voss still lacked an understanding about the approved handling of trust accounts, in the event he were to be reinstated, constant monitoring of his handling of client funds would probably be required to prevent further ethical violations.

¶15 The referee concluded by saying:

In making this recommendation, I am aware that Voss cannot go back and correct his violations of SCR 22.26. That time has passed and Voss's failure to perform his obligations in 2014 may be a permanent bar to his reinstatement. Therefore, Voss cannot "safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the court." SCR 22.29(4)(g).

¶16 Attorney Voss has appealed, arguing that it is appropriate for this court to grant his petition for the reinstatement of his license to practice law in Wisconsin.

¶17 Attorney Voss concedes that he did not comply with the letter of SCR 22.26. However, he says all of the bankruptcy clients received a certified letter noting the date of the end of his services and their right to obtain other legal counsel. He admits that the letter did not inform the bankruptcy clients that his license to practice law was being suspended. Attorney Voss says the clients who were represented through the Wisconsin

State Public Defender program were all given oral notice by Attorney Voss and their cases were promptly returned to the State Public Defender.

¶18 Attorney Voss says while the referee and the OLR believe that Attorney Voss intentionally omitted explaining to his clients that the reason he was ceasing the practice of law was due to suspension:

> [T]hat does not change the fact that the suspension which went in to effect began so soon after the letters were sent that he could not in any way profit by omitting the words since they could not remain his clients after the suspension date and there is no evidence that anyone continued to be his client after that date.

Attorney Voss again notes that the top headline of the local newspaper indicated that he was being suspended so "it can hardly be argued that failure to include those words would be advantageous to him. The more likely conclusion is that it was an oversight."

¶19 With respect to the referee's criticism of Attorney Voss's trust account practices, Attorney Voss says that none of his clients lost any money and all of his legal work was done in a manner that did not result in any dissatisfied clients. He says, "while the procedures were at times inappropriate, the results were not harmful to the clients." He also says if he were reinstated, "by starting out with a new balanced trust account which will be approved by the Wisconsin State Bar before any funds are placed in it, the problems of the past should not be repeated."

¶20 The OLR argues that the referee properly found that Attorney Voss did not meet his burden for the reinstatement of his Wisconsin law license. The OLR says that although an attorney's failure to strictly comply with SCR 22.26 may not per se bar reinstatement, what is most disconcerting about Attorney Voss's failure to fully comply with the rule is his failure to comprehend the necessity of following the rule's requirements. The OLR argues that Attorney Voss's testimony at the evidentiary hearing displayed a complete lack of understanding as to what his ethical obligations are as an attorney. The OLR says although technical violations of SCR 22.26 may not bar reinstatement, it is Attorney Voss's complete lack of understanding of his ethical obligations as it relates to his post-discipline requirements that supports a denial of his petition for reinstatement. The OLR argues that Attorney Voss's testimony at the hearing demonstrates that his apparent belief is that the rules are merely advisory and do not have to be followed in situations where Attorney Voss feels it is unnecessary to do so.

¶21 The OLR also argues that the referee appropriately concluded that Attorney Voss failed to demonstrate that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards. The OLR says that at the time Attorney Voss learned of his suspension in July of 2014, he had some $12,000 in his trust account and he did not know to whom specifically those funds belonged. The OLR says Attorney Voss

10

never sat down and accurately figured out to whom all the money in the trust account belonged. The OLR says by September of 2014, Attorney Voss had $260 remaining in his trust account and despite keeping inaccurate records, he simply assumed those funds belonged to him because none of his clients had asked for any money to be refunded. The OLR says Attorney Voss's position that no money belonged to his clients because none of them had asked for money exemplifies his ignorance of the rules and what is ethically required of him as an attorney.

¶22 In his reply brief, Attorney Voss reiterates that he believes that he has demonstrated that he is entitled to the reinstatement of his Wisconsin law license. He says:

> During the period of his practice, from 1976 through 2014, Voss did comply with all of the rules of the Supreme Court except those rules which he has been found to have violated. When he was sanctioned he took steps to correct his behavior . . ..

¶23 This court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Davison, 2010 WI 1, ¶19, 322 Wis. 2d 67, 777 N.W.2d 82.

¶24 Supreme Court Rule 22.29(4) provides that a petition for reinstatement shall show all of the following:

> (a) The petitioner desires to have the petitioner's license reinstated.
>
> (b) The petitioner has not practiced law during the period of suspension or revocation.
>
> (c) The petitioner has complied fully with the terms of the order of suspension or revocation and will

11

continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set for in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

¶25 Supreme Court Rule 22.31(1) provides that an attorney seeking reinstatement of his or her license has the burden of demonstrating all of these requirements by clear, satisfactory, and convincing evidence. We adopt the referee's findings and conclusions and agree that Attorney Voss has failed to meet his burden of demonstrating by clear, satisfactory, and convincing evidence that he fully complied with all of the terms of the order of suspension. We also agree with the referee that, at the present time, Attorney Voss cannot safely be recommended to

12

the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the court.

¶26 Supreme Court Rule 22.26(1)(a) plainly provides that an attorney whose license is suspended shall notify all clients being represented in pending matters "of the suspension . . . and of the attorney's consequent inability to act as an attorney following the effective date of the suspension . . .." Supreme Court Rule 22.26(1)(c) plainly provides that an attorney whose license is suspended shall "promptly provide written notification to the court . . . and the attorney for each party in a matter pending before a court . . . and of the attorney's consequent inability to act as an attorney following the effective date of the suspension . . .." By his own admission, Attorney Voss failed to comply with these rules. However, in the "Winding up of Practice Richard W. Voss" document dated September 25, 2014, Attorney Voss averred that all clients with pending matters in which he was the attorney of record had been advised of his inability to continue to represent them after the effective date of the suspension. Thus, it appears that not only did Attorney Voss fail to comply with the notice requirements of SCR 22.26, he then untruthfully certified to the OLR that he had fully complied.

13

¶27 An attorney seeking reinstatement of his or her license must demonstrate by clear, satisfactory, and convincing evidence that he has met all of the requirements for reinstatement. It is clear that Attorney Voss failed to do so. As the referee pointed out, Attorney Voss cannot go back and correct his failure to comply with SCR 22.26. Although we are not suggesting that his failure to comply with that rule should serve as a permanent bar to his reinstatement, on the record before us we agree with the referee that his failure to comply with SCR 22.26, coupled with his rather cavalier attitude that strict compliance was perhaps not all that important, leads to the conclusion that at the present time he has not met his burden of demonstrating that his license to practice law should be reinstated. We also share the referee's concerns about whether Attorney Voss understands the proper handling of a client trust account, although he could potentially correct that deficiency in the future by attending continuing legal education programs regarding trust accounts.

¶28 As is our general practice, we find it appropriate to impose the full costs of this proceeding, $4,034.75 on Attorney Voss.

¶29 IT IS ORDERED that Richard W. Voss's Petition for Reinstatement of his license to practice law in Wisconsin is denied.

¶30 IT IS FURTHER ORDERED that within 60 days of the date of this order, Richard W. Voss shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding.